82 F.3d 434
 39 U.S.P.Q.2d 1219
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
W.S. MOLNAR COMPANY, Plaintiff/Cross-Appellant,
v.
IKG INDUSTRIES, a division of Harsco Corporation, Defendant-Appellant.
 Nos. 95-1352, 95-1364.
 United States Court of Appeals, Federal Circuit.
 March 21, 1996.
Rehearing Denied May 6, 1996.
 
 Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 IKG Industries, a division of Harsco Corporation, appeals from the decision of the United States District Court for the Eastern District of Michigan denying its renewed motion for Judgment as a Matter of Law (JMOL) or, alternatively, a new trial. W.S. Molnar Company cross-appeals from the district court's denial of its motion for enhanced damages and attorney fees. W.S. Molnar Co. v. IKG Indus., No. 93-CV-60028-AA (E.D.Mich. Mar. 31, 1995). Because the district court did not err in denying IKG's and Molnar's post-trial motions, we affirm.
 
 DISCUSSION
 
 2
 Molnar owns U.S. Patents 4,961,973 and 5,077,137, which are directed to a grit-free slip resistant coating for a surface and a process for making the coating. Molnar sued IKG for infringement, and a jury found that the patents were not invalid and were willfully infringed. At the close of Molnar's case, IKG had moved for JMOL with respect to the patent count, providing no details. At the close of all the evidence, IKG moved for JMOL on infringement only, questioning whether it met the hardness limitation in the claims. After the jury returned its verdict, IKG renewed its motion for JMOL and alternatively moved for a new trial, and Molnar moved for enhanced damages. The district court denied IKG's motion, holding that IKG had not properly preserved its right to move for JMOL on the validity issues, the jury's infringement finding was supported by substantial evidence, and each party had received a fair trial. The court also denied Molnar's motion, holding that, although the jury found willful infringement, most of the evidence of copying involved pre-issuance activity; the other evidence did not justify enhanced damages.
 
 
 3
 On appeal, IKG argues that a new trial is required in view of our decision in Markman v. Westview Instruments Inc., 52 F.3d 967, 34 USPQ2d 1321 (Fed.Cir.) (en banc ), cert. granted, 116 S.Ct. 40 (1995), which issued after the trial. We do not agree. IKG agreed to a jury trial and did not object to the jury instruction regarding claim interpretation. IKG thus waived its right to have the claims construed by the district court judge.
 
 
 4
 IKG also argues that it preserved its right to move for JMOL on the validity issues and that the patents are invalid. We disagree. Rule 50 requires that a motion for JMOL "shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment." Fed.R.Civ.P. 50(a)(2). IKG did not do this. A general reference to a count, which is the most that IKG can be said to have provided, is insufficient to meet the rule's requirements. E.g., Libbey-Owens-Ford Co. v. Insurance Co. of N. Am., 9 F.3d 422, 426 (6th Cir.1993). Rule 50 also requires that a motion for JMOL be made at the close of all the evidence in order for a party to renew that motion after entry of judgment. Fed.R.Civ.P. 50(b). Even if IKG were to be given the full benefit of its JMOL motion at the close of Molnar's case, it did not preserve its right to a post-trial renewal of a JMOL motion on validity. The rule required it to state its motion with specificity and it did not do so with respect to validity. Furthermore, contrary to IKG's assertion, the transcript of the court proceedings does not indicate that IKG was cut off by the district court. Even if it was apparent that the JMOL motion would be denied, it was incumbent upon IKG to clearly establish in the record the grounds for any later motion.
 
 
 5
 IKG also argues that the district court erred in denying its motion for JMOL on infringement. According to IKG, the jury's finding of infringement is not supported by substantial evidence. The disputed claim limitation specifies a range of hardness (macrohardness) on the Rockwell C scale. Although the Rockwell C macrohardness of the accused product could not be directly measured, there was evidence that its microhardness could be measured and converted to macrohardness. According to expert testimony, conversion to obtain Rockwell C macrohardness is well known and used in the art, and the accused product had the hardness that met the claim limitation. Moreover, IKG's brochure describing the product specified an approximate Rockwell C macrohardness value for the product in the range specified by the claims. The jury's infringement finding is thus supported by substantial evidence. See In re Hayes Microcomputer Prods., Inc. Patent Litig., 982 F.2d 1527, 1532, 25 USPQ2d 1241, 1245 (Fed.Cir.1992) ("Fact findings reviewed under the substantial evidence standard require affirmance unless appellant shows that no reasonable juror could have reached such a result."). Accordingly, the district court did not err in denying IKG's motion.
 
 
 6
 IKG also argues that the district court erred in denying its motion for a new trial under Fed.R.Civ.P. 59. IKG argues that the jury's verdict was against the great weight of the evidence concerning its invalidity defenses, particularly its best mode defense. We do not agree. When a party has not properly preserved an issue in a motion for JMOL, we review the jury's verdict for plain error. See Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 854, 20 USPQ2d 1252, 1255 (Fed.Cir.1991), cert. denied, 504 U.S. 980 (1992). Although IKG submitted strong evidence of a best mode violation, we cannot conclude, considering our standard of review, that the jury's verdict constituted plain error. In addition, there is no indication that IKG did not receive a fair trial. Accordingly, the district court did not err in denying IKG's motion for a new trial.
 
 
 7
 On cross-appeal, Molnar argues that the district court abused its discretion in denying its motion for enhanced damages and attorney fees. According to Molnar, the court erred by substituting itself for the fact finder when it stated in its opinion that it would have found differently from the jury on willful infringement. Molnar also argues that IKG copied the invention and did not obtain an opinion of counsel. However, nearly all the activities supporting Molnar's assertion of copying occurred before the patents issued. Moreover, the evidence tends to show that IKG had a good faith belief that the patents were invalid in view of prior art, and an opinion of counsel is not an absolute prerequisite to avoiding willful infringement. Thus, the district court properly considered the various factors and did not abuse its discretion in denying Molnar's motion.